Sylvia GOMEZ–GARCIA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70578.

Agency No. A77–065–155.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

Victor D. Nieblas, Law Office of Victor D. Nieblas, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before LEAVY, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Sylvia Gomez–Garcia, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's decision pretermitting her application for cancellation of re-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

moval. We have jurisdiction under 8 U.S.C. § 1252. We review de novo. *El Himri v. Ashcroft,* 378 F.3d 932, 936 (9th Cir.2004) (statutory interpretation); *Padilla v. Ashcroft,* 334 F.3d 921, 923 (9th Cir. 2003) (constitutional challenges). We deny the petition for review.

Contrary to Gomez–Garcia's contention, the BIA properly concluded that she was not eligible for cancellation of removal given that her qualifying relative had died before she filed an application for that relief or appeared at her merits hearing. *See* 8 U.S.C. § 1229b(b) (to be eligible for cancellation of removal, petitioner must demonstrate, among other things, that "removal would result in exceptional and extremely unusual hardship to [her] spouse, parent, or child, who is a citizen of the United States . . .").

We have considered Gomez–Garcia's remaining contentions, including that the Immigration Court's delay in processing her removal proceedings violated her constitutional rights. All of these contentions are without merit.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Gomez–Garcia's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.